97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pablo Antonio GUTIERREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70045.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Ayr-jqu-dua.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges
 
 
 5
 MEMORANDUM**
 
 
 6
 Pablo Gutierrez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration ("BIA") dismissing Gutierrez's appeal from a decision of an immigration judge finding Gutierrez deportable as charged and concluding that Gutierrez had abandoned all applications for relief except for voluntary departure by failing to submit a timely application for asylum or withholding of deportation.
 
 
 7
 Gutierrez contends that the immigration judge ordered him deported at a March 9, 1995, in absentia hearing without adequate notice as required by 8 U.S.C. § 1252, thereby depriving him of fundamental fairness and due process in violation of the Fifth Amendment of the United States Constitution.
 
 
 8
 Gutierrez's contention is misplaced. The immigration judge did not hold a deportation hearing on March 9, 1995. Rather, March 9, 1995, was the date the immigration judge rendered his decision based on Gutierrez's failure to timely file his application for asylum (Form I-589). Any hearing on an asylum application was contingent on the timely filing of Gutierrez's asylum application by November 1, 1994. The record reflects that Gutierrez and his counsel were clearly given notice of the November 1, 1994, due date and of the consequences of the failure to file a timely application. Gutierrez concedes that he failed to submit a timely application for asylum and he has not offered any reason for his failure to do so. Gutierrez was not, accordingly, denied due process and the BIA properly dismissed his appeal.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The government's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3